# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2019, 10:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Ryan K. Hensley, *Appellant-Defendant,* | December 9, 2019 |
| | Court of Appeals Case No. 19A-CR-1564 |
| v. | Appeal from the Vanderburgh Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Robert J. Pigman, Judge |
| | Trial Court Cause No. 82D03-1809-F3-6157 |

**Crone, Judge.**

[1]     Ryan K. Hensley appeals his conviction for level 3 felony attempted robbery while armed with a deadly weapon, arguing that the evidence is insufficient to support his conviction. Finding the evidence sufficient, we affirm.

[2]     In reviewing a claim of insufficient evidence, we do not reweigh the evidence or judge the credibility of witnesses, and we consider only the evidence that supports the judgment and the reasonable inferences arising therefrom. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). It is "not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'" *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Moore v. State*, 652 N.E.2d 53, 55 (Ind. 1995)). "We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt." *Bailey*, 907 N.E.2d at 1005.

[3]     To convict Hensley of level 3 felony attempted robbery while armed with a deadly weapon, the State was required to prove beyond a reasonable doubt that he, while acting with the culpability required for commission of the crime, engaged in conduct that constituted a substantial step toward knowingly or intentionally taking property from another person by force or by threat of force while armed with a deadly weapon. Ind. Code §§ 35-41-5-1(a); 35-42-5-1(a). Hensley's sole argument on appeal is that the State failed to present sufficient evidence that his knowing or intentional objective was to take the property in question, here a scooter.

[4] Our review of the record shows that in September 2018, Jordan Barrett was driving his scooter to work when he pulled into a parking lot to return a phone call. While Barrett was on the phone, he saw a person, later identified as Hensley, approaching him on a blue bicycle. Hensley was wearing a skull-printed mask which concealed his face and a black-and-white referee shirt. When Hensley reached Barrett, Hensley yelled across the street to a pedestrian, Andrew Murphy, if Murphy knew how to ride a scooter. Murphy yelled back that he did. Hensley unsheathed a sword and ordered Barrett to give him his scooter. Tr. Vol. 2 at 16. When Barrett did not respond to Hensley's demand, Hensley said, "Do you want to lose your fucking life[?]," and poked Barrett in his chest with the sword, drawing "a little bit" of blood. *Id.* at 16, 23. Barrett felt "[v]ery threatened" and that Hensley wanted to "take his life." *Id.* at 19. Barrett took the scooter key out of the ignition and put the key into his pocket. Hensley rode away with Murphy walking with him. Barrett then called 911 and reported that a man had just attempted to rob him of his scooter. Police responded and apprehended Murphy, who identified Hensley as the man on the bicycle.

[5] Hensley asserts that no rational trier of fact could have found that he had any interest in actually taking the scooter because he was on a bicycle and could not ride a bicycle and a scooter at the same time, he clearly did not intend to take the scooter for Murphy's benefit because he and Murphy were mere acquaintances and there was no evidence of a prior discussion to take any

property, and Murphy testified that he believed that Hensley was "playing" with Barrett and Murphy told Barrett to pay Hensley no attention. *Id*. at 40.

[6] We observe that knowledge or intent may be inferred from a defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points. *Stokes v. State*, 922 N.E.2d 758, 764 (Ind. Ct. App. 2010), *trans. denied*. Here, a masked Hensley unsheathed a sword and demanded that Barrett give up his scooter. When Barrett did not, Hensley threatened his life and poked him in the chest with the sword. From Hensley's demand and threat and his actions in wielding a sword and then poking Barrett in the chest, a reasonable trier of fact could have found beyond a reasonable doubt that Hensley's knowing or intentional objective was to take Barrett's scooter. We must decline Hensley's invitation to reweigh the evidence and judge witness credibility and accordingly affirm his conviction.

[7] Affirmed.

May, J., and Pyle, J., concur.